UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLY A. CADE RONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:14-cv-01646-SEB-DKL |
| ) | |
| INDIANAPOLIS POWER AND LIGHT ) | |
| COMPANY, ) | |
| LOCAL UNION 1395 OF THE ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PENDING MOTIONS**

This cause is now before the Court on Defendant Indianapolis Power and Light Company's ("IPL") Motion to Dismiss [Docket No. 19], filed on December 15, 2014, and Defendant Local Union 1395 of the International Brotherhood of Electrical Workers' ("the Union") Motion to Dismiss [Docket No. 16], filed on December 4, 2014.  Plaintiff Beverly Cade Roney has brought this hybrid action under Section 301 of the Labor Management Relations Act "(LMRA") against her former employer, IPL, and the Union, alleging that the Company breached its collective bargaining agreement by unlawfully terminating her and that the Union breached its duty of fair representation in the manner in which it handled her grievances.  Plaintiff also alleges state law claims against IPL for

1

breach of contract, wrongful discharge, and constructive discharge. For the reasons detailed below, both Defendants' Motions to Dismiss are GRANTED.[1]

## Factual and Procedural Background

---

[1] Also pending in this case are two motions related to Plaintiff's failure to file a timely response to Defendants' motions to dismiss, namely, Defendant IPL's Motion for Summary Ruling [Docket No. 26] and Defendants' Joint Motion to Strike Declaration on Response [Docket No. 35]. The background facts related to these motions reveal that:

Plaintiff's responses to the Union's and IPL's Motions to Dismiss were originally due on December 22, 2014 and January 2, 2015, respectively. On December 31, 2014, Plaintiff requested an extension of time until March 1, 2015 to file a response to Defendants' motions to dismiss. Plaintiff's motion for extension of time was not ruled on by March 1st and Plaintiff did not file a response on that date. On March 4, 2015, IPL filed its Motion for Summary Ruling, citing the fact that Plaintiff had not responded. That same day, Plaintiff responded to Defendant's request for a summary ruling, seeking another extension of time until April 15, 2015 to respond to Defendants' motions explaining that no response had been filed because the Court had not ruled on the motion for extension of time. Plaintiff did not file a response on April 15th.

On August 31, 2015, we ordered Plaintiff's counsel to file a response, but, given the history of this litigation, we did not provide Plaintiff a specific date on which or by which to file this response, instead ordering that the response be filed "forthwith." On September 2, 2015, at 5:20 p.m., rather than filing a response, Plaintiff's counsel again filed a temporizing response seeking Direction and Specific Time, more specifically that he be given until September 8, 2015 to file his response. On September 3, 2015, we issued an order denying Plaintiff's request for an extension of time, noting that Plaintiff's response was "overdue," and ordering Plaintiff to file a response "immediately." In that Order, we informed Plaintiff that failure to comply with the Order would result in a "summary ruling" on the pending motions to dismiss. We also reminded Plaintiff's counsel that: "The electronic docket permits filings to be made without regard to regular business hours." Dkt. No. 32 at 2.

At 4:57 p.m. the next day, on September 4, 2015, Plaintiff filed what turned out to be only a partial response to Defendant's motions to dismiss, because three days later, on September 7, 2015, Plaintiff filed a "declaration" in support of the response at 4:20 p.m., apparently completing her response to Defendants' motions to dismiss. On September 9, 2015, Defendants filed their joint motion to strike on the grounds that Plaintiff's response, which was already grossly untimely, did not comply with the Court's September 3, 2015 Order.

Because we did not provide Plaintiff a date certain on which to file her response and she ultimately did file a response, albeit 249 days after her original January 2, 2015 deadline as to IPL's motion and 260 days beyond her original December 22, 2014 deadline as to the Union's motion, we will nonetheless consider that response in ruling on Defendants' Motions to Dismiss, at least to the extent described below. Accordingly, though we certainly do not condone Plaintiff's counsel's dilatoriness and lack of diligence in representing his client, in an act of generous forbearance, we DENY Defendant IPL's Motion for Summary Ruling and DENY Defendants' Joint Motion to Strike.

2

Plaintiff Beverly Cade Roney began her employment with IPL on July 16, 1984, and during the relevant time period worked for the company as a computer operator. IPL is an Indiana corporation engaged in the manufacture, sale, and service of electrical energy. The Union is a labor organization recognized by IPL as the certified bargaining representative for certain IPL employees, including employees in the same job classification that Plaintiff occupied during the time period relevant to this litigation. In 2011, IPL and the Union entered into a collective bargaining agreement ("CBA") that covered Plaintiff's employment during the relevant time period. The CBA requires IPL to have "just cause" to discipline or discharge an employee, and it allows employees to file grievances challenging disciplinary actions or discharge decisions within fourteen (14) days of the date on which such action was taken.

On October 12, 2012, IPL terminated Plaintiff's employment. Plaintiff concedes that the termination of her employment was classified as a retirement, but she alleges in her complaint that IPL forced her to retire and that her discharge was without just cause and that it was the result of favoritism and racial discrimination. At the time of her termination, Plaintiff had grievances pending related to discipline she had received while employed. Immediately following her termination, Plaintiff met with a Union representative to report that her retirement was involuntary and discriminatory. She also complained of the failure of IPL to hear and resolve her prior disciplinary grievances.

Following her termination, Plaintiff met with an attorney. By letter dated January 30, 2013, Plaintiff's attorney wrote to the Union requesting "that any and all grievances filed earlier on behalf of [Plaintiff] be now processed to the highest level." Compl. ¶¶ 8-

3

9; Compl. Ex. C.  On February 5, 2013, the Union responded by letter to Plaintiff indicating that the only two pending grievances against IPL related to Plaintiff's employment were related to discipline she had received prior to her termination – specifically, a written warning and a three-day suspension – both of which had been "processed to the third step of the contractual grievance process." Compl. Ex. D.  The Union's letter further stated that, although these grievances remained pending, given Plaintiff's October 2012 retirement, they would have no impact on her employment with IPL and, at most, she could hope to recover only three days of pay.  *Id.*  No grievance was ever filed relating to Plaintiff's October 2012 termination.

On October 8, 2014, Plaintiff filed her complaint in this court, bringing a hybrid § 301 action against IPL and the Union by alleging that IPL breached its CBA by terminating her without just cause and that the Union breached its duty of fair representation with respect to her disciplinary grievances and in failing to file a grievance related to her termination.[2]  In her complaint, Plaintiff also asserts various state law claims, including breach of contract, wrongful discharge, and constructive discharge.  On December 4, 2014, the Union filed its Motion to Dismiss.  IPL filed its own Motion to Dismiss on December 31, 2014.  These motions are now fully briefed and ready for ruling.

## Legal Analysis

**I.     Standard of Review**

---

[2] Plaintiff had not been in contact with the Union regarding the status of her pending disciplinary grievances at any point between February 3, 2013 and October 8, 2014, when she filed her complaint in this court.

4

The Union has filed its motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). In this procedural context, the Court must accept as true all well-pled factual allegations in the complaint and draw all ensuing inferences in favor of the non-movant. *Lake v. Neal*, 585 F.3d 1059, 1060 (7th Cir. 2009). Nevertheless, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," and its "[f]actual allegations must . . . raise a right to relief above the speculative level." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citations omitted). The complaint therefore must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Stated otherwise, a facially plausible complaint is one which permits "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IPL has filed its Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) allows a party to move for judgment on the pleadings after the filing of the complaint and answer. Fed. R. Civ. Pro. 12(c). A Rule 12(c) motion is evaluated under the same standard as a motion brought pursuant to Rule 12(b)(6). *Cooper v. Community Health Network, Inc.*, No. 1:11-cv-1096-JMS-TAB, 2012 WL 1137101, at *1 (S.D. Ind. Apr. 4, 2012). When considering a motion to dismiss under Rule 12(c), courts evaluate the pleadings along with any documents referenced in the complaint that are central to the plaintiff's claims. *See Ratliff v. Conagra, Inc.*, No. IP-01-0129-C H/K, 2001 WL 1397298, at *2 (S.D. Ind. Oct. 31, 2001).

## II. Discussion

Section 301 of the LMRA "allows a union member to seek relief in federal court when his union breaches its duty to represent him fairly." *Truhlar v. U.S. Postal Serv.*, 600 F.3d 888, 891 (7th Cir. 2010). To establish a breach of the duty of fair representation, a plaintiff must establish that the union acted in a manner that is "arbitrary, discriminatory, or in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967). "'Each of these possibilities must be considered separately in determining whether or not a breach has been established.'" *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 916 (7th Cir. 2013) (quoting *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 369 (7th Cir. 2003)). In a hybrid claim like Plaintiff's, which is brought against both the union and the employer, Plaintiff's claims are "inextricably interdependent," meaning that in order to recover against either defendant, Plaintiff must establish both that the union breached its duty of fair representation and that the employer violated the CBA. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65 (1983) (citations omitted).

### A. Improper Evidence Not Cited or Referenced in Complaint

Before addressing the substantive arguments set forth in Defendants' respective motions to dismiss, we shall first address a procedural matter related to documents filed for the first time in conjunction with Plaintiff's response in opposition to Defendants' motions. Plaintiff's entire response is based on the following three documents: a November 24, 2014 letter from the Union informing Plaintiff that IPL had denied her pre-discharge grievances at the third step of the grievance process; a December 3, 2014 letter from the Union stating that the Union would not pursue her pre-discharge grievances to

6

arbitration; and a September 7, 2015 declaration from Plaintiff addressing the November and December 2014 correspondence. Plaintiff has never sought to amend her complaint in the nine months since she received these communications from the Union. Because all of these filings post-date Plaintiff's October 8, 2014 complaint and are therefore neither discussed in nor attached to her complaint, they cannot properly be considered on a motion to dismiss. *See Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002) ("[D]ocuments that are neither included in the plaintiff's complaint nor central to the claim should not be considered on a motion to dismiss."). Accordingly, because Plaintiff's most recent submissions are outside the pleadings, we decline to consider these submissions in deciding Defendants' motions to dismiss.

### B. Statute of Limitations

A hybrid § 301 claim like Plaintiff's "must be filed within six months after the claim accrues." *Bonds v. Coca-Cola Co.*, 806 F.2d 1324, 1326 (7th Cir. 1986) (citations omitted); *accord Pantoja v. Holland Motor Exp., Inc.*, 965 F.2d 323, 326 (7th Cir. 1992) ("It is well settled that a six month limitations period applies to hybrid claims under § 301 of the [LMRA]."). The six-month statute of limitations period "begins to run when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [breach of duty of fair representation]." *Pantoja*, 965 F.2d at 327 (quotation marks and citation omitted).

With respect to Plaintiff's claims related to the Union's failure to file a grievance following her October 2012 termination, the statute of limitations began to run at the time Plaintiff discovered or reasonably should have discovered that the Union had not filed a

7

grievance in relation to her discharge. *See, e.g.*, *Chapple v. National Starch & Chem. Co. and Oil*, 178 F.3d 501, 505 (7th Cir. 1999) (holding that employees' claims accrued no later than "the date they were notified that the union was not going to pursue their grievances"). As Plaintiff alleges in her complaint, she learned that no grievance had been filed regarding her termination, at the latest, on February 5, 2013, when the Union sent Plaintiff a letter informing her that her only pending grievances were the two disciplinary grievances filed prior to her discharge.[3] Despite receiving the Union's letter, Plaintiff did not file her complaint until October 8, 2014, nearly two years after her discharge and approximately twenty (20) months after receiving actual notice in February 2013 that the Union had not filed a grievance related to her discharge. Accordingly, Plaintiffs' claims related to her discharge were filed long after the six-month limitations period had passed and are thus clearly time-barred.

Plaintiffs' claims related to the Union's failure to pursue her two disciplinary grievances are similarly time-barred. In January 2013, approximately three months after she was terminated, Plaintiff sent a letter to the Union inquiring about the status of her

---

[3] As noted above, the CBA covering Plaintiff's employment required that a grievance be filed within fourteen days of a termination. Accordingly, the deadline for a grievance being filed following Plaintiff's October 12, 2012 termination was October 26, 2012. Under prevailing Seventh Circuit law, the six-month statute of limitations likely began to run on October 26, 2012, the point at which the applicable deadline had passed and no grievance was filed. *See, e.g.*, *Christiansen v. APV Crepaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999) (holding that "when a collective bargaining agreement requires that all grievances be brought within a certain period, under the terms of the collective bargaining agreement, the failure and refusal of the Union to file the grievance within the specified time amounted to a final decision" that starts the applicable six-month limitations period) (internal quotation marks and citation omitted).

8

pre-discharge grievances. In response, the Union sent her a letter on February 5, 2013, stating in relevant part as follows:

> The [pre-discharge] grievances have been processed to the third step of the contractual grievance process. [Plaintiff] will be informed by [the Union] of the final disposition of the grievances. Assuming the matter does not get resolved at the third step, the next step in the process is arbitration. [The Union] has not yet made a decision regarding whether it will arbitrate these grievances. Again, [Plaintiff] will be informed when the Union makes a final decision on whether to arbitrate, should the grievances not be resolved.

Compl. Ex. D.

After receiving the Union's February 5, 2013 letter, Plaintiff had no further contact with the Union at any point before she filed her Complaint in this court on October 8, 2014. Accordingly, neither Plaintiff nor the Union took any action with regard to the disciplinary grievances for twenty months preceding the filing of Plaintiff's Complaint. Under Seventh Circuit law, prolonged inaction by a union with respect to grievances constitutes notice that a potential claim against the union has accrued. *See, e.g.*, *Pantoja*, 965 F.2d at 327 ("Prolonged inaction is sufficient to give a diligent plaintiff notice that the union has breached its duty of fair representation."). Pursuant to this case law, the significant delay alleged in this case was sufficient to put Plaintiff on notice of a potential claim against the Union long before she filed her Complaint. Accordingly, her October 8, 2014 Complaint filed twenty months after the last communication she had

with the Union regarding her pre-discharge grievances is untimely and barred by the applicable limitations period.[4]

### C. Waived Arguments and Claims

#### 1. Failure to Adequately Plead Breach of the Duty of Fair Representation

Even assuming Plaintiff had filed her Complaint within the six-month statute of limitations period applicable to hybrid § 301 claims, Plaintiff's § 301 claim against both IPL and the Union nonetheless fails for another reason. In her response, Plaintiff failed to address the arguments set forth in IPL's and the Union's opening briefs in support of their respective motions to dismiss that her Complaint failed to adequately allege the Union's actions in handling her grievances were "arbitrary, discriminatory, or taken in bad faith," *Truhlar*, 600 F.3d at 892, an element necessary to state a claim for breach of the duty of fair representation.

---

[4] In her response, Plaintiff contends that the limitations period should have been tolled "until intra union remedies [were] exhausted." Pl.'s Resp. at 2 (quoting *Frandsen v. Brotherhood of Ry*, 782 F.2d 681 (7th Cir. 1986). Relying on the December 2, 2014 letter from the Union informing Plaintiff that it would not pursue her grievances, Plaintiff argues that the limitations period should have been tolled until her receipt of that letter. However, in her Complaint, Plaintiff herself alleged that her union remedies had already been exhausted as evidenced by the Union's extreme delay in addressing her pre-discharge grievances. Moreover, as discussed above, relying on documents neither attached to nor referenced in the complaint is improper in this procedural context. Even if we were to consider the November and December 2014 communications attached to Plaintiff's response, any claim related to that correspondence is likewise time-barred. Approximately nine months have passed since Plaintiff received the December 2014 letter from the Union informing her that the Union would not pursue her grievances to arbitration and yet Plaintiff has never moved to amend her complaint throughout that time. Accordingly, the limitations period has run on any claims she may be asserting relating to that correspondence.

In her Complaint, Plaintiff alleged that the Union failed to file or pursue her grievances in "bad faith" and that the failure to file or process them shows "hostility" towards her. She further alleged that IPL's treatment of her was "discriminatory" but does not make a similar allegation with reference to the Union's conduct. Both IPL and the Union contended in their opening briefs that such allegations are nothing more than a bare recitation of the elements of a claim for breach of the duty of fair representation, which is insufficient to survive a motion to dismiss. *See, e.g., Yeftich*, 722 F.3d at 917 ("[A]bsent some specific factual detail to color [plaintiffs'] bare conclusory allegations, the complaint does not plausibly state a claim under § 301 of the LMRA.").

By failing to substantively respond to IPL's and the Union's arguments on this point, Plaintiff is deemed to have waived and abandoned any counterarguments she may have had. *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013) ("Because [the plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived."); *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument … results in waiver."); *Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 173 n.1 (7th Cir. 1996) (argument waived where appellants "failed to develop the argument in any meaningful manner"). Accordingly, even if Plaintiff's Complaint had been timely filed, her claim for breach of the fair duty of representation, and likewise, her entire hybrid § 301 claim, fails on this basis.

2. **State Law Claims**

In her Complaint, Plaintiff also alleged various state law claims against Defendant IPL, including breach of contract, wrongful discharge, and constructive discharge. IPL argued in its briefing in support of its motion to dismiss that all of these state claims must be dismissed because they are preempted by federal law. Dkt. 20 at 7-8 (citing *Filippo v. N. Ind. Pub. Serv. Corp.*, 141 F.3d 744, 750-51 (7th Cir. 1998) (holding state law claims brought in conjunction with a hybrid § 301 claim were preempted because the state law claims would require "the interpretation of a collective-bargaining agreement")); Dkt. 36 at 10. By failing to respond in any fashion to IPL's argument, Plaintiff has waived her state law claims. *See, e.g.*, *Goodpaster*, 736 F.3d at 1075 ("Because [the plaintiffs] did not provide the district court with any basis to decide their claims, and did not respond to the [defendant's] arguments, these claims are waived.").

### III.  Conclusion

For the foregoing reasons, Defendant IPL's Motion for Summary Ruling [Docket No. 26] is <u>DENIED</u> and Defendants' Joint Motion to Strike Declaration and Response is <u>DENIED</u> [Docket No. 35]. Both Defendants' Motions to Dismiss [Docket Nos. 16 and 19] are <u>GRANTED</u> with prejudice. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date:  _____09/21/2015_____

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Loren Jay Comstock
lorenjcomstock1@yahoo.com

David J. Pryzbylski
BARNES & THORNBURG LLP (Indianapolis)
dpryzbylski@btlaw.com

Kenneth J. Yerkes
BARNES & THORNBURG LLP (Indianapolis)
ken.yerkes@btlaw.com

David T. Vlink
FILLENWARTH DENNERLINE GROTH & TOWE LLP
dvlink@fdgtlaborlaw.com

Fred O. Towe
FILLENWARTH DENNERLINE GROTH & TOWE LLP
ftowe@fdgtlaborlaw.com

Geoffrey S. Lohman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
glohman@fdgtlaborlaw.com