UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BEVERLY A. CADE RONEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:14-cv-01646-SEB-DKL |
| ) | |
| INDIANAPOLIS POWER AND LIGHT ) | |
| COMPANY, ) | |
| LOCAL UNION 1395 OF THE ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM JUDGMENT**

This cause is before the Court on Plaintiff Beverly Cade Roney's Motion for Relief Judgment and Order and Request to Amend Complaint [Docket No. 40] pursuant to Federal Rule of Civil Procedure 60(b), filed on September 25, 2015. For the reasons set forth below, the motion is DENIED.

**Factual and Procedural Background**

Roney worked for Defendant Indianapolis Power and Light Company ("IPL") until October 12, 2012, when her employment was terminated. She concedes that her termination was classified as a retirement, but she has alleged that IPL forced her to retire due to favoritism and racial discrimination. During the relevant period of Roney's employment, there was a collective bargaining agreement ("CBA") between IPL and co-defendant, Local Union 1395 of the International Brotherhood of Electrical Workers ("the Union") that required IPL to have "just cause" to discipline or discharge an employee, and allowed employees to file grievances challenging disciplinary actions or discharge decisions within fourteen days of the date on which

1

such action was taken. At the time Roney's employment was terminated, there were grievances pending against her related to discipline that she had received while employed. Immediately following her termination, Roney met with a Union representative to report that her retirement was involuntary and discriminatory. She also complained of IPL's failure to hear and resolve her prior disciplinary grievances. Around the same time, she met with an attorney and asked in writing to the Union that any grievance filed on her behalf be fully processed. In February 2013, the Union responded to her by letter indicating that Roney's only two pending grievances against IPL dealt with discipline she had received prior to her termination and that both grievances had been processed completely pursuant to the contract provisions. No grievance, however, was ever filed relating to Roney's October 2012 termination, and she was not in contact with the Union regarding the disciplinary grievances after February 2013.

Twenty months thereafter, on October 8, 2014, Roney brought an action in this Court against IPL and the Union pursuant to Section 301 of the Labor Management Relations Act "(LMRA)", alleging that IPL breached the CBA by unlawfully terminating her and was liable for breach of contract, wrongful discharge, and constructive discharge [Docket No. 1 (Complaint)]. In her complaint, she also alleged that the Union breached its duty of fair representation in the manner in which it had handled her grievances [*id.*].

On December 4, 2014, the Union filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6) [Docket No. 16]. IPL filed a separate Motion to Dismiss under Fed. R. Civ. Pro. 12(c) on December 31, 2014, seeking judgment on the pleadings based on the allegations and the referenced documents in the Complaint central to Roney's claims [Docket No. 19].

Roney's response to the Union's and to IPL's separate motions to dismiss were due on December 22, 2014, and January 2, 2015, respectively. She did not file a response on the earlier date and, on December 31, 2015, requested an extension of time until March 1, 2015, to respond to Defendants' motions. As of March 1, 2015, the Court had not yet ruled on Roney's motion but she did not file a response by that date. On March 4, 2015, IPL filed a Motion for Summary Ruling, citing the fact that Roney did not responded to its request for dismissal [Docket No. 26]. That same day, Roney sought another extension of time until April 15, 2015, to respond, stating that her counsel did not file a response because the extension motion had not been adjudicated. But Roney, through counsel, again did not respond by April 15, 2015. Finally, on August 31, 2015, we ordered Roney to file a response "forthwith" (this word was chosen in lieu of setting a specific date, given the history of the litigation). Following her counsel's request for another, short extension to respond to Defendants' motions to dismiss, on September 3, 2015, we ordered Roney to file a response immediately. The next day, Roney filed only a partial response—characterized as such because three days later, she filed a declaration in support of her response which, apparently, was intended to complete her response. This prompted Defendants to file a joint motion to strike Roney's response as non-compliant with the Court's September 3rd order [Docket No. 35].

On September 21, 2015 [Docket No. 38], we issued a ruling on the pending motions. Noting that "we certainly [did] not condone Plaintiff's counsel's dilatoriness and lack of diligence in representing this client," we nonetheless considered Roney's response in ruling on Defendants' motions [Docket No. 38, fn 1]. We denied Defendant IPL's Motion for Summary Ruling [Docket No. 26] and Defendants' Joint Motion to Strike Roney's Declaration and Response [Docket No. 35], but granted Defendants' Motions to Dismiss Roney's Complaint

3

[Docket Nos. 16 and 19] with prejudice. In so ruling, we held that Roney's claims relating to her discharge were filed long after the applicable six-month statute of limitations had expired [Docket No. 38 at pp. 7-8]. Further, her claims relating to the Union's failure to pursue her two disciplinary grievances had also passed and were thus clearly time-barred [Docket No. 38 at pp. 8-10].[1]

Alternatively, we held that, even assuming that Roney had filed her Complaint within the six-month statute of limitations period applicable to hybrid § 301 claims, she failed to address the IPL's and the Union's arguments regarding her breach of the fair duty of representation; accordingly, this claim—and her hybrid section 301 in its entirely—necessarily failed [Docket No. 38 at pp. 10-11]. More specifically, Roney did not address Defendants' arguments that her Complaint failed to properly allege that the Union's actions in handling her grievances were "arbitrary, discriminatory, or taken in bad faith," *Truhlar v. U.S. Postal Serv.,* 600 F.3d 888, 892 (7th Cir. 2010), an element necessary to state a claim for breach of the duty of fair representation [Docket No. 38 at pp. 10-11] (*citing, inter alia*, *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1075 (7th Cir. 2013)).

---

[1] At the outset, we addressed on procedural grounds the documents that Roney submitted for the first time of our ruling in conjunction with her response in opposition to Defendants' motions, to wit:  a November 24, 2014 letter from the Union informing Roney that IPL had denied her pre-discharge grievances at the third step of the grievance process; a December 3, 2014 letter from the Union stating that the Union would not pursue her pre-discharge grievances to arbitration; and a September 7, 2015 declaration by Roney addressing the November and December 2014 correspondence [Docket No. 38 at pp. 6-7]. Because Roney never sought to amend her complaint during the nine months after she received these communications from the Union and because all of these filings post-date her October 8, 2014 complaint (and are therefore neither discussed in nor attached to her complaint), we ruled that they could not properly be considered in connection with her motion to dismiss [Docket No. 38 at p. 7 (citing *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002))].

Similarly, and finally, we held that, by failing to respond in any fashion to IPL's argument that Roney's state law claims, including breach of contract, wrongful discharge, and constructive discharge, must be dismissed because they are all preempted by federal law, she had waived these state law claims [Docket No. 38 at p. 12] (*citing, e.g.*, *Goodpaster*, 736 F.3d at 1075). Accordingly, final judgment issued, from which Roney apparently elected to appeal. Instead, as discussed below, Roney seeks post-judgment relief through this litigation.

### Roney's Request for Post-Judgment Relief

On September 25, 2015, four days following the issuance of the final judgment in this case, Roney, through counsel, filed a Motion for Relief from Judgment and Order and Request to Amend Complaint [Docket No. 40], which is the subject of this order.[2] The motion invokes Fed. Rule of Civil. Procedure 60(b), but it does not identify any particular subsection of the Rule [*id*. at p. 1, p. 2 paras. 6-10]. In her motion, Roney states that our September 21, 2015, order "asserts Counsel's dilatoriness or lack of diligence in representing his client," while at the same time "concedes it did not provide Plaintiff with a date certain to respond until on or about September 3, 2015 when the Court ordered an immediate response" [*id*. at para. 4] (emphasis in original). She argued that her declaration "clearly places at issue her request for a grievance filed at the time of her termination" and that her complaint "noticed adequately for Defendant[s] this allegation" [*id*. at paras. 5-6]. According to Roney, "[a]rguably no competent or experienced business agent would not have filed a grievance relative to the Plaintiff's discharge and failure to do so under the facts of this case constituted arguable breach of duty of fair representation on the part of Local 1395, in and of itself" [*id*. at para. 7]. She further argues that her complaint "alleges bad faith and hostility on the part of the union in failing to process all of her grievances past and

---

[2] None of the parties regard this motion as having been made pursuant to Rule 59(e).

5

as regards this termination," and again that her affidavit and complaint "adequately noticed timely requests for a grievance relative to the discharge." [*id.* at paras. 8, 10]. Finally, she asserts that "any alleged lack of diligence on the part of Counsel is attributable to inadvertence or excusable neglect as your Movant has had five (5) surgeries in calendar year 2015 with four (4) hospitalizations and subsequent rehabilitations to 2 of the surgical procedures." [*id.* at para. 9]. She then requests that the Court set aside the September 21, 2015 order, reinstate her case, and allowed her to amend the complaint [*id.* at pp. 2-3].

The Union opposes this request [Docket No. 43]. Requesting to join in the Union's response, IPL has filed its own opposition, adopting the arguments set forth in the Union's response [Docket No. 44].

## Analysis

### I. Legal Framework and Standard of Review

Rule 60(b) provides, in pertinent part:

> that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic, or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. Pro. 60(b). Relief under Rule 60(b) "is an extraordinary remedy." *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006) (internal citation omitted). Motions under Rule 60(b) must be based on at least one of the grounds for relief set forth in the Rule's subsections. *See*

*United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). No such reference to any specific grounds has been provided by Plaintiff Roney.

In addition to a particular ground for relief under Rule 60(b), a movant must demonstrate a meritorious claim or defense. *See Breuer Electric Mfg. Co. Toronado Systems of America, Inc.*, 687 F.2d 182, 185 (7th Cir. 1982). This is so because Courts considering motions for relief from judgment must be cognizant of the necessity of balancing the judicial system's interest in reaching substantively correct results against its interest in upholding the validity and finality of judgments. *See Dickman v. Kramer*, 980 F.2d 733 (7th Cir. 1992).

"The decision to grant relief under Rule 60(b) is left to the sound discretion of the trial court …." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1204-1205 (7th Cir. 1984); *Talano v. Northwestern Med. Faculty Found., Inc*, 273 F.3d 757, 762 (7th Cir. 2001). A decision "constitutes an abuse of discretion when it is not just clearly incorrect but downright unreasonable." *Cincinnati Ins. Co. v. Flanders Elec. Motion Serv., Inc.*, 131 F.3d 625, 630 (7th Cir. 1997).

**II.     Discussion**

As Defendants observe, Roney does not clearly situate her claim for relief under any of the available grounds [Docket No. 43 at pp. 2-7 and Docket No. 44 at pp. 2-8]. We need not go to great lengths in an attempt to glean an intended ground for relief; as the Seventh Circuit points out, the district court should not "agoniz[e] over whether a motion asserts grounds for relief included in Rule 60(b); it is the movant's task to make its contentions clear." *Deutsch*, 981 F.2d at 302. Accordingly, Roney's rule 60(b) motion clearly fails on this basis alone. *See Talano*, 273 F.3d at 762 (holding that the district court does not abuse its discretion by denying a Rule 60(b) motion that is not based on one of the specified grounds for relief).

Despite the absence of any specified ground for relief, Roney's motion appears to advance two arguments:  first, counsel suggests that his failure to file a response to Defendant IPL's Motion for Summary Ruling [Docket No. 26] and Defendants' Joint Motion to Strike Roney's Declaration and Response [Docket No. 35] was the result of his excusable neglect; and second, the motion appears to suggest that the Court committed errors of law in dismissing Roney's hybrid action under Section 301 of the LMRA. These assertions, even if properly before the Court, also fail to establish Roney's entitlement to post-judgment relief.

 To the extent Roney's request for relief is based on her counsel's claims that in 2015 his medical problems prevented him from filing certain responses in a timely manner, and that this issue impacted the ultimate resolution of Roney's case, this assertion is factually incorrect.[3] While we did not—and do not—condone counsel's repeated failures to diligently represent his client by responding in a timely fashion to Defendants' filings, we actually did consider Roney's significantly belated response to Defendants' motions to dismiss in our September 21, 2015, order [Docket No. 38, p. 2 fn 1]. We also denied IPL's Motion for Summary Ruling, which was based on Roney's failure to timely respond to the pending motions to dismiss, and Defendants' Joint Motion to Strike the response Roney ultimately filed, which Defendants premised on the basis that Roney's untimely response did not comply with our earlier order to submit a response "immediately" [Docket No. 32 and No. 38, p. 2 fn1]. In the end, however, we granted Defendants' motions to dismiss Roney's complaint on the merits because her action under the LMRA, which concerned her October 2012 termination and which she filed in this court in

---

[3] And, in any event "[a] lawyer who inexcusably neglects his client's obligations does not present exceptional circumstances." *Choice Hotels Intern., Inc. v. Grover*, 792 F.3d 753, 754 (7th Cir. 2015).

October 2014, was barred by the applicable statute of limitations [Docket No. 38, pp. 10]. Thus, Roney's untimely responses filed in 2015—allegedly due to counsel's 2015 surgeries and hospitalizations—did not affect our underlying decision. It was not the basis for our granting Defendants' motions to dismiss in our September 2015 judgment.[4]

To the extent Roney is relying on other arguments, such as the one asserted as a possibility by the Union— that counsel's 2015 illness prevented the amendment of Roney's complaint to include the allegations later made in her declaration [see Docket No. 43 at p. 4]—nowhere is this clearly articulated or otherwise asserted in her request for post-judgment relief. Thus, we discuss no further this aspect of Roney's motion.

Defendants observe that Roney's post-judgment request does not appear to invoke subsections (2) through (5) of Rule 60(b), which address newly discovered evidence, misconduct of an opposing party, or void, satisfied, or released judgments [Docket No. 43 at p. 5; Docket No. 44 at pp. 2-6]. We agree and therefore will limit our analysis to Roney's potential remaining arguments under the "catch-all" provision of Rule 60(b)(6).

"To balance the availability of post-judgment relief with finality interests, the availability of Rule 60(b) relief is limited in several ways." *Mendez v. Republic Bank*, 725 F.3d 651, 657-660 (7th Cir. 2013). Thus, a Rule 60(b) motion may be used to correct any error that might also be corrected on direct appeal only where a party is not attempting to use a post-judgment relief motion to circumvent the time limit for filing a direct appeal of an underlying judgment. *Id.* at 657-660 (affirming the district court's grant of a 60(b) motion where the judge realized her judgment was erroneous and invited the losing party to seek post-judgment relief; that party had

---

[4] As set forth *supra* at p. 4, fn 1, we note that we did not consider documents filed outside the pleadings, including Roney's belatedly filed declaration, because such documents are not properly to be considered on a motion to dismiss.

already sought appeal). Here, Roney filed her Rule 60(b) motion four days after the judgment had issued but ultimately forfeited her opportunity to appeal.[5] Even assuming the arguments Roney advances in her request for post-judgment relief are properly presented in a Rule 60(b) motion, there was no error of fact or law affecting the decisions in this case. Roney's declaration post-dates her complaint and was not discussed in or attached to it, so the declaration could not properly be considered in adjudicating Defendants' motions to dismiss. Docket No. 38 at 6-7. Roney's claims related to the Union's failure to pursue her two disciplinary grievances are are clearly time-barred. *See id.* at 8-10. As Defendants point out, Roney's assertions amount to an improper attempt to rehash arguments we previously rejected [Docket No. 43 at 5-7; Docket No. 44 at 2-8]. Further, Roney does not identify any "extraordinary circumstances" that a party invoking Rule 60(b)(6) must present. *See, e.g., Banks*, 750 F.3d at 668 (citing Gonzalez v. Crosby, 545 U.S. 524 535 (2005) ("extraordinary circumstances" are required to justify reopening of a judgment under Rule 60(b)(6)). In sum, because Roney failed to articulate in her motion any viable ground for relief under Rule 60(b), her post-judgment motion must and will be denied.

    As a final matter, Roney's request to amend her complaint at this juncture is either too late or too early, but in any case untimely. Absent certain limitations, a plaintiff may amend her complaint once as a matter of right, or with leave of the court. Fed. R. Civ. Pro. 15(a). Defendant IPL points out that after a final judgment is issued in a case, as it was here, the plaintiff loses the right to amend an original complaint, and the plaintiff must appeal the dismissal or request that the case be reopened to seek the ability to amend the complaint. *See Camp v. Gregory*, 67 F.3d

---

[5] A post-judgment motion under Rule 59(e), but not a motion made under 60(b), tolls the time for filing a Notice of Appeal from an underlying judgment

1286, 1289 (7th Cir. 1995). Because Roney's arguments are inadequate to set aside our September 21, 2015, judgment, the request to amend the complaint also must be denied.

### III.  Conclusion

Plaintiff Roney has failed to demonstrate any entitlement to relief under Federal Rule of Civil Procedure 60(b). Accordingly, her motion to set aside our September 21, 2015, judgment and request to amend her complaint are DENIED.

IT IS SO ORDERED.

Date:   9/22/2016

*Sarah Evans Barker* (signature)
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Loren Jay Comstock
lorenjcomstock1@yahoo.com

David J. Pryzbylski
BARNES & THORNBURG LLP (Indianapolis)
dpryzbylski@btlaw.com

Kenneth J. Yerkes
BARNES & THORNBURG LLP (Indianapolis)
ken.yerkes@btlaw.com

David T. Vlink
FILLENWARTH DENNERLINE GROTH & TOWE LLP
dvlink@fdgtlaborlaw.com

Fred O. Towe
FILLENWARTH DENNERLINE GROTH & TOWE LLP
ftowe@fdgtlaborlaw.com

Geoffrey S. Lohman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
glohman@fdgtlaborlaw.com